IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 22-373 |
| | : | |
| AMIR WILSON | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**　　　　　　　　　　　　　　　　　　　　　　　　**September 30, 2024**

On December 14, 2023, a jury convicted Defendant Amir Wilson of: (1) Conspiracy to Commit Carjacking, in violation of 18 U.S.C. § 371; (2) two counts of Carjacking, in violation of 18 U.S.C. §§ 2119 and 2; and (3) Using and Carrying a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Following the jury's verdict, Wilson filed a motion for judgment of acquittal or new trial under Federal Rules of Criminal Procedure 29 and 33. Wilson argues there is insufficient evidence of intent to commit Carjacking to support the conviction, or, in the alternative, that the interest of justice requires a new trial. Because the evidence presented at trial was sufficient to support the jury's verdict, the Court finds Wilson is not entitled to a judgment of acquittal or a new trial. The motion will be denied.

**BACKGROUND**

On October 26, 2022, a grand jury returned charging Wilson with one count of Conspiracy to Commit Carjacking, in violation of 18 U.S.C. § 371, three counts of Carjacking, in violation of 18 U.S.C. §§ 2119 and 2, and one count of Using and Carrying a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. On December 14, 2023, following trial, a jury convicted Wilson of Conspiracy to Commit Carjacking, two counts of Carjacking, and Using and Carrying a Firearm During a Crime of Violence.

After close of the Government's case, and again at close of the Defense's case, Wilson filed motions for judgment of acquittal under Rule 29 asserting the Government produced insufficient evidence to support a conviction, which the Court denied. Following the jury's verdict, Wilson has again moved under Rules 29 and 33 for acquittal and/or new trial, challenging the sufficiency of the evidence on all Counts and alleging the conviction was a "miscarriage of justice." *United States v. Davis*, 397 F.3d 173, 181 (3d Cir. 2005).

**LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 29, a court must enter a judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In evaluating a sufficiency of the evidence challenge pursuant to Rule 29, a district court must "review the record in the light most favorable to the [Government] to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (quoting *United States v. Wolfe*, 245 F.3d 257, 261 (3d Cir. 2001)). The Court may not weigh the evidence or credibility of witnesses. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). Instead, it "must uphold the jury's verdict unless no reasonable juror could accept the evidence as sufficient to support the defendant's guilt beyond a reasonable doubt." *United States v. Fattah*, 914 F.3d 112, 183 (3d Cir. 2019).

In contrast to Rule 29, the Court "does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case" in determining whether a new trial is warranted pursuant to Rule 33—on the ground that that jury's verdict is contrary to the weight of the evidence. *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002). "Although the standard of review for a motion for a new trial is broader than that for acquittal, motions for

2

new trials are disfavored and are only granted with great caution and at the discretion of the trial court." *United States v. Crim*, 561 F. Supp. 2d 530, 533 (E.D. Pa. 2008) (citing *United States v. Martinez*, 69 F. App'x 513, 516 (3d Cir. 2003)). The Court can order a new trial on this basis "only if it believes that 'there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *Johnson*, 302 F.3d at 150 (citations and internal quotation marks omitted).

**DISCUSSION**

Wilson challenges his conviction on all Counts under Rule 29, Rule 33, or both. He argues each Count of his conviction requires proof of each element of Carjacking beyond a reasonable doubt. Def. Mot. at 5, ECF No. 77 (ECF Pagination). Wilson claims the Government produced insufficient evidence of his intent to commit Carjacking—i.e., he acted with intent to cause death or serious bodily harm. *Id*. at 7-8. The Court considers evidence supporting that element to determine whether there was a sufficient basis for a rational factfinder to convict Wilson, or whether the conviction is against the weight of the evidence.

A Carjacking conviction requires "intent to cause death or serious bodily harm." *United States v. Green*, 664 F. App'x 193, 199 (3d Cir. 2016) (quoting § 2119). Evidence of conditional intent is sufficient to satisfy this requirement, *Holloway v. United States*, 526 U.S. 1, 7-8 (1999)—i.e., it is enough for the Government to prove "that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car)." *Id*. at 12. This does not require proof of a loaded gun because "evidence of an intent to use a knife, a baseball bat, brute force, or any other means that indicates an ability and willingness to cause serious bodily harm or death if not obeyed" is enough. *United States v. Fekete*, 535 F.3d 471, 480 (6th Cir. 2008);

3

*United States v. Boyer*, Crim. No. 22-429-1, 2023 WL 6927329 at *2 (E.D. Pa. Oct. 19, 2023) (citing *Fekete* to find that pointing a BB gun at the victim and demanding car keys is sufficient to support a Carjacking conviction).

In arguing the proof of intent is insufficient, Wilson notes the victims of both carjackings testified the assailants were masked and armed with guns but there was no evidence that the guns were loaded. ECF No. 77 at 10-11 (ECF Pagination). He further notes that the victim of the May 15 carjacking was "permitted to remove his house keys," hand over the car keys, and walk away. *Id*. at 11. He also points out that the victim of the May 16 carjacking was not "verbally threatened," even though multiple guns were pointed at him. *Id*. The Court finds there was extensive evidence of conditional intent introduced at trial to support a Carjacking conviction by a rational jury.

For example, the victim of the May 15 carjacking testified the assailants' car got next to his parked car while one of the assailants held a "Uzi or submachine gun." N.T. 12/12/23 at 30-31, 37-38. The victim then got out of his car and the assailants surrounded him with one in front and another behind him. *Id*. at 31. The victim then "felt like they had [a gun] to the back of [his] head because [he] did feel something." *Id*. at 39. The assailants subsequently checked his pockets, demanded his keys, and told him to walk away. *Id*. at 31-33. The victim acquiesced because he "just care[d] about his life." *Id*. at 32. Along with the victim's testimony, the jury watched surveillance video of the encounter. Govt. Ex. 306, 307. For the May 16 carjacking, the victim testified, as he approached his car, he heard a loud screech of another car and saw "numerous people" get out of the car with guns pointed at him. N.T. 12/11/23 at 77-78. The guns had "extended clips on them." *Id*. at 79. One gunman had the gun pointed at the victim's ribs while another took his car keys. *Id*. at 82-83. The victim's friend, a witness to the carjacking, testified that he heard the same loud screech and saw the gunmen jump out the car. N.T. 12/12/23 at 77.

4

The witness ran upon seeing this and was chased by a gunman. *Id*. at 81. The witness was able to escape by "hiding behind trees and bushes." *Id*. at 82.

All of this evidence—gun to the head and body, surrounding the victims, demanding the car keys, and chasing a witness with a gun—indicates Wilson's "ability and willingness to cause serious bodily harm or death if not obeyed." *Fekete*, 535 F.3d at 480; *see, e.g.*, *United States v. Lake*, 150 F.3d 269, 272 (3d Cir. 1998) (defendant had requisite intent because he waved a gun at the victim and demanded car keys). Consequently, his Rule 29 motion will be denied because the evidence supports a finding of the requisite intent to cause death or serious bodily harm.

Wilson also claims a new trial is required pursuant to Rule 33. However, it is clear this is not an "exceptional case" where a new trial is warranted. *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987). The weight of evidence presented at trial, discussed above, supports Wilson's conviction. Further, because the "arguments regarding the denial of his new trial motion essentially rehash those presented in support of his insufficiency of the evidence claim," there is no reason to believe that a "miscarriage of justice" occurred. *United States v. Shaker*, 827 F. App'x 204, 208 (3d Cir. 2020) (quoting *Johnson*, 302 F.3d at 150). Wilson's motion under Rule 33 will be denied.

**CONCLUSION**

In sum, the Government presented sufficient evidence from which a reasonable jury could convict Wilson of Carjacking. No miscarriage of justice has occurred. The Court will therefore deny Wilson's motion for judgment of acquittal or a new trial.

An appropriate order follows.

BY THE COURT:

                          <u>/s/ Juan R. Sánchez</u>
                          Juan R. Sánchez, C.J.